**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | |
|---|---|
| KOREY GILSTRAP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL C. BARRENTINE )<br>)<br>and )<br>)<br>JORDAN CARRIERS, INC., )<br>)<br>Defendants. ) | Civil Action No. 1:22CV-149-GNS<br>JUDGE _____ |

**NOTICE OF REMOVAL**

Defendants Paul C. Barrentine and Jordan Carriers, Inc. ("Defendant Barrentine," "Defendant Jordan Carriers, Inc.," or "Defendants") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Circuit Court for Warren County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division. In support of the removal, Defendants respectfully state as follows:

1. On September 27, 2022, Plaintiff filed a personal injury civil action against Defendants in the Circuit Court for Warren County, Kentucky, Case No. 22-CI-01073. True and correct copies of the Complaint, the summonses, and all pleadings, orders, and other papers or exhibits of every kind on file in the Warren County Circuit Court are attached to this Notice of Removal as **Exhibit A – Collective**, as required by 28 U.S.C. § 1446(a).

2. Summonses were issued for both Defendants on September 27, 2022, but upon information and belief no return has been filed with the Warren County Circuit Court. Defendants

submit that service of process was obtained on Defendant Barrentine on October 14, 2022, and service of process was obtained on Defendant Jordan Carriers, Inc. on October 12, 2022.

3. Plaintiff asserts claims for damages against Defendants for personal injuries allegedly caused by the negligence of Defendants.

4. Plaintiff alleges that on or about December 9, 2021, Defendant Barrentine was operating a 2019 Volvo VNL traveling north on Nashville Road and the US-31W Bypass in Bowling Green, Warren County, Kentucky. The 2019 Volvo VNL was operated by defendant Barrentine on behalf of his employer, Defendant Jordan Carriers, Inc. Plaintiff alleges that as Defendant Barrentine was traveling north, he recklessly caused the 2019 Volvo VNL to collide with a 2013 Kia Sportage operated by Plaintiff. Plaintiff alleges that Defendant Barrentine operated the 2019 Volvo VNL in a negligent, careless, and reckless manner, causing serious injury to Plaintiff for which Defendant Jordan Carriers, Inc. is alleged to be vicariously liable. (Compl. ¶¶ 8 – 11).

5. Plaintiff alleges that Defendant Barrentine is at fault for the alleged accident, was negligent and negligent *per se*, and violated state and federal statutes and regulations, including KRS 189.290, 601 KAR 1:005, and 49 C.F.R. §§ 350-399, and Kentucky case law, for which Defendant Jordan Carriers, Inc. is alleged to be vicariously liable. (Compl. ¶ 15).

6. Plaintiff alleges that at the time of the alleged accident, Defendant Barrentine was operating a commercial vehicle on behalf of his employer, Defendant Jordan Carriers, Inc. Plaintiff further alleges that at the time of the accident, Defendant Barrentine was an agent, employee, or both of Defendant Jordan Carriers, Inc. and was acting in the course and scope of his agency, employment, or both on behalf Defendant Jordan Carriers, Inc. (Compl. ¶ 5). Additionally, Plaintiff alleges that at the time of the accident, Defendant Jordan Carriers, Inc. was vicariously responsible for the negligent acts, omissions, or both of Defendant Barrentine under the doctrine

of *respondeat superior*; that Defendant Jordan Carriers, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant Barrentine, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; that Defendant Jordan Carriers, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers; and that Defendant Jordan Carriers, Inc. was negligent, careless, and reckless with regard to its duties, causing serious injury to Plaintiff, for which it is alleged to be directly liable.  (Compl. ¶¶ 20-23).

7. Plaintiff alleges that as a direct and proximate cause of the alleged accident she has sustained serious and permanent injuries to her body; has incurred bills and charges for physicians and medical expenses in treatment; has suffered great physical and mental pain and anguish; has suffered loss of enjoyment of life; and has suffered lost wages, impairment of earning capacity, or some combination thereof. Further, Plaintiff alleges that she will continue to suffer future damages as her injuries are permanent in nature and are at increased likelihood of future complications due to the severity and nature of such injuries. (Compl. ¶¶ 24-25).

8. Plaintiff seeks a trial by jury; a judgment for actual, special, punitive, and compensatory damages against Defendants in an amount greater than the jurisdictional minimum of the Court; prejudgment interest from the date of Plaintiff's injuries until such time the judgment is paid; and an award of all discretionary and court costs. (Prayer for Relief ¶¶ A-E).

9. At the time of filing the Complaint, Plaintiff was a citizen and resident of the Commonwealth of Kentucky.  (Compl. ¶ 1).

10. At the time of the alleged accident, Defendant Paul C. Barrentine was, and is, a resident of Milan, Tennessee. (Compl. ¶ 2).

11. At the time of the alleged accident, Defendant Jordan Carriers, Inc. was, and is, a Mississippi corporation incorporated under the laws of the State of Mississippi, with its principal office located in Natchez, Mississippi. (Compl. ¶ 3).

12. According to the Complaint, the alleged incident which gave rise to Plaintiff's civil action occurred in Bowling Green, Warren County, Kentucky. (Compl. ¶ 7).

13. This Action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that there exists complete diversity between the parties in the Action. Moreover, it is apparent from the face of the Complaint and the serious injuries alleged that the amount in controversy clearly exceeds the jurisdictional minimum sum of $75,000, exclusive of interest and costs. (*See* Compl. ¶¶ 24-25, Request for Relief, ¶ 1).

14. Although the Complaint does not demand a specific dollar amount in damages, the preponderance of the evidence demonstrates that the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence").

15. As the Supreme Court has previously held, a removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. "[A]ll that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

16. Based on the nature of the alleged injuries, described as "serious and permanent injuries to [Plaintiff's] body," the alleged claims, and the alleged entitlement to recover compensatory damages for economic and non-economic losses, upon information and belief, Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs. The amount in

controversy therefore exceeds the threshold for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt "by the defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

18. The United States District Court for the Western District of Kentucky, Bowling Green Division, is the federal judicial district encompassing the Circuit Court of Warren County, Kentucky where Plaintiff originally filed this suit, such that this is the proper federal district for removal of this case to federal court. 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Plaintiff, through Plaintiff's counsel, will be served with written Notice of Removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court for Warren County, Kentucky. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

20. By filing the instant Notice of Removal, Defendants do not waive, and fully reserve, all defenses they may have, including, but not limited to, defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

21. Based on the foregoing, Defendants respectfully request that the United States District Court for the Western District of Kentucky, Bowling Green Division, accept this Notice of Removal and assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary.

22. Defendants hereby demand a jury trial as to all claims triable in this Action.

WHEREFORE, Defendants hereby give notice that the above-described action now pending against them in the Circuit Court for Warren County, Kentucky has been removed therefrom to this Court.

Dated this 1st day of November, 2022.

Respectfully submitted,

s/*Clarence Risin*
Clarence Risin (KY Bar #98417)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1600 West End Ave, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 744-7319
crisin@bakerdonelson.com
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, the foregoing Notice of Removal was filed via the Court's Electronic Filing System, and further, that I served a true and correct copy of same via U.S. Mail, postage prepaid, and/or via electronic mail on the following:

Adrian Mendiondo
MORGAN & MORGAN – KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, Kentucky 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
*Attorney for Plaintiff*

s/*Clarence Risin*